UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIAS LOU ABUSAID, JR.,

v.  Case No. 8:04-cr-490-T-17TBM
8:07-cv-919-T-17TBM

UNITED STATES OF AMERICA.

## ORDER

This cause is before the Court on Aubsaid's supplemental motion for order staying the one-year limitation period. (Doc. cv-24).

Background

In November 2004, a grand jury in the Middle District of Florida returned an indictment charging Elias Abusaid, Jr. with managing a place for the distribution of MDMA or "ecstasy," in violation of 21 U.S.C. § 856(a) & (b)(2) and possessing ammunition after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). Doc. cr-42.

At trial a jury found Abusaid guilty as charged. Doc. cr-78. The district court sentenced him to ninety-seven months' imprisonment, to be followed by three years' supervised release. Doc. cr-111. Abusaid appealed, arguing that the district court committed clear error when it calculated drug quantities for sentencing and that his sentence was imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005). Doc. cr-181 at 2. The Eleventh Circuit Court of Appeals affirmed Abusaid's sentence by finding

that the district court did not err when determining the drug quantity attributable to Abusaid and did not commit any *Booker* error. Doc. cr-181 at 17.

In September 2006, a Rehearing and Rehearing en Banc was denied by the Eleventh Circuit. *Abusaid v. United States,* 213 Fed. Appx. 972 (11th Cir. 2006). In January, 2007, the Supreme Court denied certiorari. *Abusaid v. United States*, 127 S.Ct. 1163 (2007) (No. 06-8416).

On June 22, 2007, Abusaid filed a timely amended 28 U.S.C. § 2255 motion to vacate and set aside judgment and memorandum of law. Doc. cv-5 and 6. On October 1, 2007, this Court denied Abusaid's amended 28 U.S.C. § 2255 motion. Doc. cv-14. On October 11, 2007, Abusaid filed a motion to Alter or Amend Judgment. Doc. cv-17. On October 23, 2007 this Court ordered that Abusaid's § 2255 motion be dismissed for lack of jurisdiction, as Abusaid had an appeal pending at the time, vacating its earlier denial of the motion. Doc. cv-18.[1]

On November 14, 2007 Abusaid filed a motion to stay the one year statue of limitations under 28 U.S.C. § 2255 to allow time for the pending appeal (Doc. cv-21), which motion was granted on November 27, 2007. Doc. cv-22. On January 31, 2008 Abusaid filed a supplemental motion for order staying the one-year statute of limitations under 28 U.S.C. § 2255 (Doc. cv-24), which is the subject of the Court's February 1, 2007, Order and this response.

---

[1]That appeal (Doc. Cr-173, 184) appears to have been directed to this Court's denial of Abusaid's motion regarding Grand Jury information (Doc. Cr-167, 184). This appeal was not a direct appeal of his criminal case.

Discussion

Abusaid now seeks to further extend the time limit for filing his § 2255 motion due to another appeal he has filed. In this appeal Abusaid is seeking review of this Court's denial of his motion for a new trial (Doc. Cr 197, 200, 201, 202)[2] because of the alleged discovery of new evidence. This appeal, however, is not a direct appeal of the conviction or of the sentence he received. Therefore this appeal does not extend or affect the one year time limit for filing a 2255 motion. *See Barnes v. United States*, 437 F.3d 1047, 1079 (11th Cir. 2006) ("We conclude, therefore, that Barnes's motion for a new trial, even though it was filed while his direct appeal was pending, did not constitute a continuation or an extension of that direct appeal... therefore, Barnes's Rule 33 motion had no effect on when his conviction became 'final' for the purposes of triggering AEDPA's one-year statue of limitations, and he had one year following the Supreme Court's denial of his petition for *certiorari* in which to file a § 2255 motion.")

Likewise, Abusaid's appeal (Doc. cr-185) of this court's denial of his request for Grand Jury information was collateral and did not implicate the pertinent one year time constraints. Abusaid's original § 2255 motion was timely filed and properly before the court when decided on October 1, 2007. Therefore, the Court will vacate its dismissal (Doc. cv-18) and its stay (Doc. cv-22) and reinstate its denial of the timely filed § 2255 motion (Doc. cv- 14). Any additional 28 U.S.C. § 2255 motions filed by Abusaid will be second or successive motions, outside the one year time constraints and the second or successive motion would be governed by 28 U.S.C. § 2255(h)(1) ("a secondary or successive motion

---

[2]Abusaid has filed yet another appeal, again not a direct appeal. Doc. Cr-214.

must be certified as provided in section 2244 by a panel of the appropriate court of appeal to contain - (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense.")

According to 28 U.S.C. § 2255(h)(1), a second or successive 2255 motion cannot be filed until the Circuit Court decides if there is newly discovered evidence. Consequently, there is no basis for the stay Abusaid presently seeks, and Abusaid's motion will be denied.

Accordingly, the Court orders:

1. That the Court's Orders of October 23, (Doc. cv-18, 19) and November 27, 2007; (Doc. cv-22) are vacated.

2. The Court's Order of October 1, 2007 denying, on the merits, Abusaid's timely filed amended § 2255 petition (Doc. cv-14, 15 [judgment]) is reinstated.

3. Abusaid's motions to stay (Doc. cv-21, 24) are denied.

ORDERED at Tampa, Florida, on FEBRUARY 15th, 2008.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: James C. Preston, Jr.
Elias Lou Abusaid, Jr.