UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIAS LOU ABUSAID, JR.,

v.                                        Case No. 8:04-cr-490-T-17TBM
                                                   8:07-cv-919-T-17TBM

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Abusaid's verified "Walker" motion to reopen his sentence pursuant to section 2255 and Fed. R. Civ. P. 60(b) and motion to correct presentence investigation report. (Doc. cv-43, 44)

Background

In November 2004, a grand jury in the Middle District of Florida returned an indictment charging Elias Abusaid, Jr. with managing a place for the distribution of MDMA or "ecstasy," in violation of 21 U.S.C. § 856(a) and (b)92) and possessing ammunition after being convicted of a felony, in violation of 18 U.S.C. § § 922(g)(1) and 924(a)(2). Doc. cr-42. At trial a jury found Abusaid guilty as charged. Doc. cr-78. The Court sentenced him to ninety-seven months imprisonment, to be following by three years supervised release. Doc. cr-111.

Abusaid appealed, arguing that the district court committed clear error when it calculated drug quantities for sentencing and that his sentence was imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005). Doc. cr-181 at 2. The Eleventh Circuit Court of Appeals affirmed Abusaid's sentence by finding that the district court did not err

when determining the drug quantity attributable to Abusaid and did not commit any *Booker* errors. Doc. cr-181 at 17.

In September 2006, a Rehearing and Rehearing en Banc was denied by the Eleventh Circuit. *Abusaid v. United States*, 213 Fed. Appx. 972 (11th Cir. 2006). In January 2007, the Supreme Court denied certiorari. *Abusaid v. United States*, 127 S.Ct. 1163 (2007) (No. 06-8416).

On June 22, 2007, Abusaid filed a timely amended 28 U.S.C. § 2255 motion to vacate and set aside judgment and memorandum of law. Docs. cv-5 and 6. In his petition, Abusaid asserted the following claims: Ground One: Sixth Amendment right to effective assistance of appellate counsel denied (failure to communicate). Doc. cv-5 at 5; cv-6 at 1-4; Ground Two: Petitioner's statutory right to file pro se initial or supplemental brief was violated. Doc. cv-5 at 6; cv-6 at 4-5; Ground Three: Sentence was incorrectly enhanced upwardly when the sentencing court counted local ordinance convictions. Doc. cv-5 at 7, cv-6 at 5-8; Ground Four: Fifth Amendment and due process rights were violated when the government failed to properly disclose the mental illness of a prime witness. Doc. cv-5 at 9, cv-8-11.

On October 1, 2007, this Court denied Abusaid's amended 28 U.S.C. § 2255 motion. Doc. cv-14. That order was vacated on October 23, 2007 for lack of jurisdiction, as Abusaid had an appeal pending on a collateral issue at the time. Doc. cv-18. On November 27, 2007, the court granted Abusaid's Motion to stay the 2255 motion to allow time for the pending appeal. Doc. cv-21 and 22.

On December 26, 2007, Abusaid filed a Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2). In his motion Abusaid sought relief pursuant to 18 U.S.C. § 3582(c)(2)

alleging that his sentence should be reduced and recalculated at criminal history category I, instead of category III based on Amendment 709 of the 2007 U.S.S.G. and raising for the first time that his previously scored state convictions were overturned by the state court on October 30, 2007. Doc. cr-206 at 2. The court denied this motion on January 24, 2008. Doc. cr-213. Abusaid appealed the court's order. Doc. cr-214.

On Abusaid's supplemental motion for order staying the one-year statute of limitations under 28 U.S.C. § 2255 to allow time for the second appeal listed in ¶ 6 above (Doc. cv-24), the Court found that Abusaid's appeals related to collateral issues and were not direct appeals of the conviction or of the sentenced he received. Doc. cv-27. Consequently, on February 15, 2008, the Court vacated its prior dismissal (Doc. cv-18) and reinstated its denial of the 2255 motion. Doc. cv-27 at 3. The court also held that any additional 28 U.S.C. § 2255 motions filed by Abusaid would be second or successive motions, outside the one year time constraints and it would be governed by 28 U.S.C. § 2255(h)(1).

On July 24, 2008, Abusaid filed a "Verified Walker Motion to Reopen Sentence Pursuant to § 2255 and Fed. R. Civ. P. 60(b)," under his criminal docket number, asking for a resentencing because all of his prior convictions used to determine his criminal history points were vacated. Doc. cr-231. On July 30, 2008, the court correctly denied Abusaid's motion finding that he had not fulfilled the requirements of 28 U.S.C. § 2255 and 2244(b)(3)(A) and (B). Doc. cr-233. 9. On August 7, 2008, Abusaid filed a duplicate of Doc. cr-231 under his 2255 civil docket number, with an accompanying motion to correct the presentence report and notices of filings of State Court records. Doc. cv-40 to cv-44.

Discussion

For the reasons set forth below, this Court lacks jurisdiction to entertain Abusaid's section 2255 motion and remedial authority to grant Abusaid any relief. A federal prisoner's post-conviction motion to set aside a conviction or sentence on constitutional grounds is treated as a motion filed pursuant to 28 U.S.C. § 2255, hereinafter section 2255, regardless of how the prisoner has styled the motion. *See O'Ryan Castro v. United States*, 290 F.3d 1270, 1272-74 (11th Cir. 2002) (earlier Fed. R. Crim. P. 33 motion for new trial, properly characterized as section 2255 motion, barred subsequent section 2255 motion); *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997) (although Fed. R. Civ. P. 60(b) motion sought amendment of prior habeas judgment, it was a successive petition subject to gatekeeping requirements contained in section 2244(b)); *Felker v. Turpin*, 101 F.3d 657, 661 (11th Cir. 1996) (same). Accordingly, a prisoner who has been denied relief on a post-conviction motion attacking his conviction or sentence cannot continue to litigate the constitutionality of his conviction or sentence merely by styling his pleadings as some other suit pursuant to a different federal statute. *See United States v. Diaz-Clark*, 292 F.3d 1310, 1316 (11th Cir. 2002); *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999) (federal prisoner could not use 28 U.S.C. § 2241 to circumvent ban on successive section 2255 motions); *cf. Mobley v. Head*, 306 F.3d 1096, 1097 (11th Cir. 2002) (Felker established bright-line rule precluding the filing of Rule 60(b) motions in section 2254 proceedings); *In re Medina*, 109 F.3d at 1561; *Felker*, 101 F.3d at 661. Any subsequent litigation that attacks the validity of the underlying conviction or sentence, however characterized, must meet the requirements of section 2255 for a second or successive motion. *See Mobley*, 306 F.3d at 1097; *Diaz-Clark*, 292 F.3d 1316; *Felker*, 101 F.3d at 661.

Prior to filing a second or successive section 2255 motion, a federal prisoner must obtain certification by the court of appeals, and certification will only be granted if the prisoner makes a showing of newly discovered evidence that establishes his innocence or points to a new rule of constitutional law recognized by the Supreme Court and made retroactively applicable to cases on collateral review. See 28 U.S.C. §§ 2244, 2255; *see also Diaz-Clark*, 292 F.3d 1316; *Castro*, 290 F.3d at 1272. In the absence of certification by the appellate court, a district court is without jurisdiction to review the merits of a successive section 2255 motion. *See Diaz-Clark*, 292 F.3d at 1316 n.5; 28 U.S.C. §§ 2244(b)(3)(A), 2255.

In this case, Abusaid first moved to correct his sentence June 22, 2007, when he filed his first section 2255 motion. Doc. cv-5. For this court to consider the merits of Abusaid's "Verified Walker Motion," it has to construe it as a request for relief pursuant to 28 U.S.C. § 2255. *See O'Ryan Castro*, 290 F.3d at 1273-75 (restrictions on successive section 2255 motions applies even if defendant is not warned of recharacterization of first motion). Because Abusaid already has been denied relief on a section 2255 motion, Docs. cr-14, 15, 27, and Abusaid has not obtained permission from the Eleventh Circuit Court of Appeals to file a successive motion, this Court is without jurisdiction to review the merits of his motion. *See Diaz-Clark*, 292 F.3d at 1316 n.5; *Wofford,* 177 F.3d at1245; 28 U.S.C. §§ 2244(b)(3)(A), 2255; *cf. Bradley*, 305 F.3d at 1290; *In re Medina*, 109 F.3d at 1561; *Felker*, 101 F.3d at 661.

Abusaid claims that his motion to re-open his 2255 (or amended 2255) is timely according to *Johnson v. United States*, 544 U.S. 295 (2005). In *Johnson*, the Supreme Court held that the 1-year statute of limitations in 28 U.S.C. § 2255, ¶ 6(4) begins to run --

in a case of a prisoner's collateral attack on his federal sentence on the ground that a state conviction used to enhance that sentence has since been vacated -- when a petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court. *Johnson,* 544 U.S. at 298. This case is clearly distinguishable from *Johnson*, however, because unlike the petitioner in *Johnson*, this is not Abusaid's first 2255.

Rule 15(a) permits a party to amend a pleading once "as a matter of course at any time **BEFORE** a responsive pleading is **served**," or, otherwise, "only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a) (emphasis added), *Ferris*, 333 F.3d at 1215. If this court were to grant Abusaid leave of court to file this pleading as a motion to amend a section 2255 motion, Rule 15(c) dictates that the amendment relate back to the original pleading. Fed. R. Civ. P. 15(c). An untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type. *Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000). An untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial or sentencing proceeding. *Davenport*, 217 F.3d at 1344.

In this case, Abusaid's first section 2255 motion challenged the court's miscalculation of criminal history points for local ordinance violations, among other things. Doc. cv-2 at 6- 8. Abusaid did not challenge the constitutionality of these ordinance violations or their validity, only that they should not be counted as criminal history points because he "never received a jail sentence long enough to permit utilization of U.S.S.G. § 4A1.1(c)". So, if the court were to construe Abusaid's motion as an amended 2255, the

court should deny Abusaid's motion because his new claims do not relate back to his original § 2255.

Finally, Abusaid attempts to file his second or successive section 2255 motion pursuant to Rule 60(b). While candidly admitting that an attempt to reopen a final habeas judgment pursuant to Rule 60 is, in essence, an application to file a second or successive motion and it should be denied, he claims that *United States v. Walker*, 198 F.3d 813-14 (11th Cir. 1999) created an exception to that rule. Doc. cr-231, cv-43 at 5. The Eleventh Circuit has done no such thing. The Eleventh Circuit concluded in *United States v. Farris*, 333 F.3d. 1211 (11th Cir. 2003), that the AEDPA's successive-petition rules apply to Rule 60(b) motions seeking relief from a judgment denying § 2255 relief. *Farris*, 333 F.3d at 1216; *See also, Felker*, 101 F.3d 657 (rule 60(b) cannot be used to circumvent restraints on successive-habeas petitions). Specifically, the Eleventh Circuit held that while Farris' original 2255 motion was timely, his motion to resentence, reconsider and amend pursuant to *Walker* and Rule 60(b) was not timely because it was not filed within the one year of his conviction becoming final and his claim did not relate back to his original § 2255. *Farris*, 333 F.3d. at 1214-1216.

Because Abusaid is moving to vacate his sentence and he previously had filed a section 2255 motion, Abusaid must first file an application with the Court of Appeals for an order authorizing the district court to consider it. 28 U.S.C. § 2244 (b)(3)(A). Without that authorization, the district court lacks jurisdiction to consider a second or successive petition. *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

Accordingly, the Court orders:

That Abusaid's motions (Doc. cv-43, 44) are denied.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 25, 2008.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Elias Lou Aubsaid, Jr.